# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS BARWIN, | ) |
| Plaintiff, | ) |
| | ) No. 14-cv-06046 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| VILLAGE OF OAK PARK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Barwin sued Defendant Village of Oak Park ("Oak Park"), his former employer, alleging breach of contract and promissory estoppel. This Court granted Oak Park's motion to dismiss (Dkt. No. 9) and dismissed Barwin's claims with prejudice. (Dkt. No. 19.) Before the Court is Barwin's motion for reconsideration and for leave to amend the complaint (the "Motion") (Dkt. No. 21). For the reasons stated below, the Court grants in part and denies in part the Motion.

## BACKGROUND

Barwin served as the Village Manager for Oak Park from 2006 to 2012. (Compl. ¶ 1, Dkt. No. 1.) In early 2012, after being informed that the Board of Trustees of Oak Park ("Board") intended to terminate him for cause if he did not resign, Barwin accepted the Board's offer to resign and was given a severance package, which would otherwise only be provided for termination "without cause." (*Id*. ¶¶ 23, 25.) Barwin filed a two-count Complaint[1] in this Court, alleging (1) breach of the Village Manager Employment Agreement ("Employment Agreement") governing Barwin's employment, and (2) promissory estoppel with respect to Oak Park's alleged

---

[1] For purposes of brevity, the Court will not recount here in detail the facts alleged in the Complaint. The facts are discussed in the Court's opinion on Oak Park's motion to dismiss. (Dkt. No. 19.)

representations regarding the purchase of out-of-state pension credits. Oak Park filed a motion to dismiss for failure to state a claim, which this Court granted, dismissing Barwin's claims with prejudice. (Dkt. No. 19.) In so doing, the Court found that the terms of the Agreement were clear and unambiguous, dictating judgment in Oak Park's favor.

Barwin has moved for reconsideration of the Court's order dismissing his claims pursuant to Federal Rule of Civil Procedure 59(e) and requests leave to file an amended complaint. Barwin wishes to add allegations that Oak Park breached the Agreement by interfering with his expectations under the Employment Agreement in two respects: (1) Barwin's expectation that if his performance evaluation were to be used in connection with decisions regarding his employment, that the evaluation would be conducted in accordance with (what Barwin claims to be) the parties' agreement; and (2) Barwin's expectation that the money Oak Park was contributing toward his retirement account would be used for his benefit upon retirement, and that Oak Park would not terminate his employment to prevent him from retiring and receiving those benefits.

**DISCUSSION**

I. **Motion to Amend/Alter the Judgment**

Pursuant to Rule 59(e), a party may bring a motion to amend or alter a judgment within 28 days of the entry of the judgment. Relief under Rule 59(e) is "extraordinary" and "reserved for the exceptional case"—"the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (internal quotation marks and citation omitted). "To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford*

*Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (citing *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)).

As an initial matter, the Court notes that to the extent Barwin's assertion that "[f]ederal law is very clear that a party should be permitted to amend pleadings at least one time" (Barwin Mot. at 2, Dkt. No. 21) is meant to imply the Court was not permitted to dismiss his Complaint with prejudice, Barwin is incorrect. *See, e.g.*, *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (affirming dismissal with prejudice where the plaintiff, as Barwin here, failed to properly request leave to amend). Although district courts generally allow a plaintiff an opportunity to amend a deficient complaint, allowing amendment is not necessary where the deficiencies are not curable (as this Court found in its ordering dismissing Barwin's Complaint (Dkt. No. 19)). *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Barwin's motion focuses on his proposed amended Complaint and the standard for leave to amend and does not appear to address the separate standard for relief under Rule 59(e). The argument Barwin advances that appears closest to an argument for relief pursuant to Rule 59(e) is that the Court "misunderstood" his claim to be "alleging that he was due only the minimum requirements that were specifically set forth in paragraph 27." (*See* Barwin Mot. at 7, Dkt. No. 21.) Barwin is incorrect. The Court understood that Barwin alleged that he was entitled to those procedures in connection with his performance evaluation—however, the Court's opinion was focused on the *actual terms* of the Employment Agreement (including the fact those terms made clear that the performance evaluation procedures were not a necessary step in the termination process), not on what Barwin would have those terms be. Barwin now states that there was a "missing" allegation "for the purpose of clarity" that the additional evaluation procedures he asserted he was entitled to were agreed to by the parties pursuant to the Employment Agreement.

(Barwin Reply at 1-2, Dkt. No 30.) This is not merely "clarification" of Barwin's allegations, or something he properly alleged but the Court failed to grasp—this is a new allegation supporting a new theory (indeed, one that in Barwin's own words is "missing" from his Complaint) that Barwin could have raised in the Complaint but failed to. The Court's failure to consider an allegation that was never raised does not amount to a "manifest error of law or fact" as required for relief under Rule 59(e).

Barwin has not identified newly-discovered evidence precluding the dismissal of the claims in his original Complaint with prejudice, nor has he identified a manifest error of law or fact in the Court's opinion.[2] As such, Barwin's request for relief under Rule 59(e) is denied with respect to reconsideration of the dismissal with prejudice of the claims previously asserted in his Complaint.

## II. Motion for Leave to Amend the Complaint

Even when seeking post-judgment relief, a plaintiff is entitled to amend his complaint under the liberal standard articulated in Federal Rule of Civil Procedure 15. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 522 (7th Cir. 2015). However, a district court may nonetheless deny leave to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991)). The district court must

---

[2] Although Barwin asserts that there is evidence to suggest that Oak Park terminated his employment so that his retirement benefits could not vest (Barwin Mot. at 7, Dkt. No. 21), he does not appear to argue that this is newly discovered evidence, as would be required for relief under Rule 59(e). Nor does he argue that his newly-proffered claim that Oak Park terminated his employment to prevent him from receiving retirement benefits forms the basis for an argument that the Court committed a manifest error of law or fact.

"provide some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." Runnion, 786 F.3d at 522.

Barwin seeks to file an amended complaint adding allegations that Oak Park breached the Agreement in terminating him by interfering with his expectations under the contract. Under Illinois law,[3] even if an employee is an at-will employee, his employer's discretion in firing him "is still limited by the reasonable expectations of the parties." *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 674 (7th Cir. 2013). "[W]hether the express terms of the at-will employment contract allow the employer to discharge the employee for any reason is not the end of the analysis. Rather, the implied covenant of good faith is used as a construction aid to assist the Court in determining whether the manner in which one party exercised its discretion under the contract violated the reasonable expectations of the parties when they entered into the contract." *Id.* at 675 (internal citations omitted). Breach of the implied covenant of good faith and fair dealing is a breach of contract theory. *Id.* at 674.

These theories for relief were not addressed in Barwin's original Complaint—they are newly presented with his Motion. Although, as explained above, the Court will not revisit its analysis or decision to dismiss with prejudice Barwin's originally-filed claims, because Barwin has requested leave to file an amended complaint, the Court will revisit its decision dismissing the action in its entirety with prejudice to consider whether to allow Barwin to proceed with his proposed new claims.

### A.  Performance Evaluation

Barwin seeks to file an amended complaint to add a claim that Oak Park breached the Employment Agreement by interfering with his expectations under the Employment Agreement

---

[3] The proposed amended complaint invokes the Court's diversity jurisdiction. As such, the Court applies Illinois substantive law in its consideration of Barwin's proposed claims. *Berrey v. Travelers Indem. Co. of Am.*, 770 F.3d 591, 594 (7th Cir. 2014).

that if his performance evaluation were to be used in connection with decisions regarding his employment, the evaluation would be conducted in accordance with (what he claims to be) the parties' agreement. It appears that with respect to this claim, Barwin seeks to cure deficiencies this Court found in his original Complaint with respect to his claim for breach of contract in connection with his termination. However, Barwin's proposed amendments do not cure the deficiencies, nor would his pleading with respect to this claim survive a second motion to dismiss.

According to the proposed amended complaint,[4] Barwin and Oak Park agreed to additional procedures in addition to those explicitly listed in the Employment Agreement, which was allowable under the agreement. The relevant portion of the Employment Agreement states:

> The Employer shall annually review the performance of the Employee in the anniversary month in which the Employee commenced employment subject to a process, form, criteria, and format for the evaluation which shall be mutually agreed upon by the Employer and Employee. The process at a minimum shall include the opportunity for both parties to: (1) prepare a written evaluation, (2) meet and discuss the evaluation, and (3) present a written summary of the evaluation results.

(Proposed Am. Compl. ¶ 16, Dkt. No. 21-1; Proposed Am. Compl. Ex. A at Sec. 12, Dkt. No. 21-2.) According to Barwin, Barwin and Oak Park agreed to a process going beyond the minimum requirements listed in Section 12, as permitted by Section 12. (Proposed Am. Compl. ¶ 16, Dkt. No. 21-1.) The additional procedures agreed to consist of: (1) Barwin first preparing a self-evaluation; (2) his self-evaluation being presented to the Board; (3) each member of the Board then preparing an evaluation of him, which would be summarized in a single document and provided to him; and (4) Barwin and the Board meeting to discuss the Board's feedback. (*Id.*)

---

[4] In considering a motion to dismiss, a Court accepts the allegations of the Complaint as true and draws all permissible inferences in the plaintiff's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). Thus, in deciding this Motion, the Court accepts the allegations of the proposed amended complaint as true in its consideration of whether the proposed amended complaint cures the deficiencies in the original Complaint and whether it could survive a second motion to dismiss.

Only after those steps was Barwin to be given a final performance evaluation to be used to determine employment actions including salary raises. (*Id.*)

However, Barwin does not seek to bring a claim for breach of the performance evaluation provision of the Employment Agreement—he instead seeks to bring a claim for breach of contract for his termination (which he claims occurred despite the Board not going through the performance evaluation procedures allegedly agreed to by the parties). (*Id.* ¶¶ 30-31.) Barwin's arguments about whether Oak Park followed the allegedly agreed-to additional evaluation procedures are inapposite. The Employment Agreement by its terms makes clear that the performance evaluation procedure was not meant to be a necessary step in the termination process—the termination procedures and evaluation procedures are established as separate and distinct processes, with the evaluation procedures being tied to adjustments to Barwin's salary only (which are not at issue here). (Proposed Am. Compl. Ex. A at Sec. 12, Dkt. No. 21-2.) It would not have been within the reasonable expectations of the parties that simply because Oak Park ultimately decided to terminate Barwin based on his performance, the two provisions would suddenly become linked such that the performance evaluation procedure would become a necessary step in the termination process. Oak Park was entitled to terminate Barwin without cause so long as it paid him severance (*id.* at Secs. 9-10)—it could have done so because the majority of the Board lost its trust in him (regardless of his performance) or even because the majority of the Board did not like his choice in ties. This Court will not penalize the Board for seeking to base its decision on an evaluation of Barwin's merits as Oak Park's Village Manager.

Accordingly, Barwin's proposed amended complaint does not cure the deficiencies of his original complaint as to this issue and would not survive a second motion to dismiss. Barwin's request for leave to file an amended complaint is denied as to this claim.

B.   Retirement Benefits

Barwin additionally seeks to file an amended complaint to add a claim that Oak Park breached the Employment Agreement by interfering with his expectations under that agreement that the money Oak Park was contributing toward his retirement account would be used for his benefit upon retirement, and that Oak Park would not terminate his employment to prevent him from retiring and receiving those benefits. In his original Complaint, Barwin alleged promissory estoppel with respect to Oak Park's alleged oral promise to allow Barwin to purchase out-of-state pension credits to meet the eight-year vesting requirement necessary to receive a pension from the Illinois Municipal Retirement Fund ("IMRF") should he fail to work that length of time for Oak Park. (Compl. ¶¶ 38-41, Dkt. No. 1.) He did not plead any theory that he was terminated to prevent him from receiving retirement benefits, as he now seeks to set forth.[5]

According to the proposed amended complaint, Oak Park's Board expressed concerns during a 2012 meeting[6] that Barwin would retire in a few years and receive pension benefits from the IMRF. (Proposed amended complaint ¶ 19, Dkt. No. 21-1.) One member of the Board stated on the record that Barwin "can't" retire and collect his retirement benefits. (*Id*.) Shortly thereafter, at the same meeting, the Board decided to terminate Barwin's employment. (*Id*.) The Board did so to prevent Barwin from working the eight years required for his pension to vest and from

---

[5] In his proposed amended complaint, Barwin includes references to his previously dismissed allegations that Oak Park failed to allow him to purchase enough out-of-state pension credits for his IMRF benefits to vest (Proposed Am. Compl. ¶ 24, Dkt. No. 21-1) but does not appear to be attempting to revive his promissory estoppel claim.

[6] The Court notes that Oak Park attaches to its Response a transcript of this meeting. (Oak Park Resp. Ex. A, Dkt. No. 29-1.) Pursuant to Federal Rule of Civil Procedure 12(b), "if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof." *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002). The proper inquiry here is not whether Barwin's proposed amended complaint would survive a motion for summary judgment. Accordingly, the Court does not consider the transcript in its analysis.

receiving the retirement benefits he had been working to receive under the Employment Agreement.[7] (*Id.* ¶ 31.)

The Court finds Barwin's newly-proffered theory of liability tenuous, given the alleged concerns about his performance acknowledged in his original Complaint (*see, e.g.,* Compl. ¶ 18, Dkt. No. 1) and the fact that no such theory has been raised by Barwin before (even though it could have been). However, the Court cannot find based on the current record that Barwin's claim regarding interference with his expectations of receiving retirement benefits could not survive a second motion to dismiss. In addition, allowing Barwin to proceed on this claim appears to at worst minimally prejudice Oak Park, since it appears that Barwin could file a new suit asserting this cause of action if he is not allowed to proceed with it in this suit. 735 ILCS 5/13-206 (an action for breach of a written contract can be brought within 10 years of when the cause of action accrues). As such, the Court reconsiders its decision dismissing the entire action with prejudice and will allow Barwin to proceed only as to this claim.

---

[7] Barwin's retirement benefits are addressed in Section 7 of the Employment Agreement. (Proposed Am. Compl. Ex. A at Sec. 7, Dkt. No. 21-2.)

**CONCLUSION**

For the forgoing reasons, the Court grants in part and denies in part Barwin's motion for reconsideration and for leave to amend the complaint. (Dkt. No. 21.) The Court reconsiders its decision dismissing the action in its entirety with prejudice and instead will allow Barwin to proceed on his claim of breach of contract, but only with respect to Oak Park's alleged termination of him for purposes of preventing him from receiving retirement benefits. Barwin is granted leave to file an amended complaint consistent with this Memorandum Opinion and Order within 28 days.

ENTERED:

Dated: August 24, 2018

_____
Andrea R. Wood
United States District Judge